Jones, J.
The objections are clearly untenable. The plaintiff is not called as a witness either for or against his wife. He is called as "a witness against himself. The wife has not the slightest interest in the result of this litigation. *583 The testimony which the husband may give cannot affect her, one way or the other.
It may, however, be urged that although the plaintiff is not incompetent as a witness, on the subject indicated by the answer, for the reason that his testimony is tobe given for or against his wife, yet he is incompetent for the reason that the effect of his testimony may be to destroy the harmony of his marital relations, and sow dissension between him and his wife, and therefore to allow him to give that testimony would be contrary to public policy. If this proposition be correct, then neither husband nor wife, when called as witnesses in an action, to which neither of them was a party, or in the event of which neither of them was interested, could be allowed to give any testimony, the tendency of which might be to impair the harmony of the marital life. I do not understand the deference paid by the law to considerations of public policy goes to this extent. Starkie (Ev. vol. 2, part 1, p. 551) says: • “ Where neither of them is either a party to the suit or interested in the general result, the husband or wife, is, it seems, competent to prove any fact, provided the evidence does not directly criminate the other, or, as it seems, involve the disclosure of some communication made by the other.”
The proposed evidence neither criminates the wife, nor does it disclose any communication.
The act of 1867 (Laws of 1867, chap. 887) has no bearing on this question. That act is a remedial one, and was passed to set at rest doubts which had been raised by some decisions, as to whether, in cases of husband and wife, where one was a party, either nominal or real, the other, not being a party, was a competent witness.
The first section of the act of 1867 sets this question at rest, by enacting that the husband or wife of any party to an action," or of any person in whose behalf the action ia *584 .brought or defended, shall be competent and compellable to give evidence.
For the purpose of restricting this general legislation, the second and third clauses were added. The second clause provides, that nothing contained in the first clause shall render a husband or wife competent or compellable to give evidence for or against the other in the proceedings and actions therein mentioned, except as to certain specified facts. The operation of this clause, then, except as to those specified facts, is to" leave the law, as to the proceedings and actions therein mentioned, precisely the same as it was before the passage of the act.
The third clause provides thus: “¡No husband or wife shall be compellable to disclose any confidential communication made by one to the other during their marriage.” This was the law prior to the passage of the act. The only operation of the clause is to prevent the general legislation of the first clause from interfering with this princi- . pie of the common law.
It will thus be perceived that the act has no reference to cases where a husband or wife is called as a witness’ against himself or herself. If, however, it were proposed to call the wife, who is not a party to the action, to give evidence for or against her husband, then if she were called under the provisions of the first clause, the restrictions contained in the second clause would apply.
A delicate question might have arisen whether, independently of this act, a wife might not be examined as a witness for or against her husband in all cases where the husband himself would be a competent witness; and so also whether the husband, under similar circumstances, could not be called for or against his wife. If so, then the second clause of this act would not apply. This point, however, is not up for decision. This court has, I believe, held that independently of this statute, in cases of husband *585 and wife, where one was a party and the other not, the one not a party could not be examined for or against the one who was a party.
The examination of this subject has led me to the consideration of two grounds upon which the defendant may, perhaps, have an objection to answering:
1st. That by giving thé testimony he may thereby subject himself to a civil action in favor of his wife, for a divorce. It not unfrequently happens that a witness, in giving his testimony, lays himself open to a civil suit. But it is held that such exposure does not privilege him from testifying. (In the matter of Kip, 1 Paige, 601. Per Bronson, J., in Henry v. Bank of Salina, 1 Comst. 86.)
2d. That the testimony will tend to disgrace him. It is now the doctrine that if the testimony is material to the issue, the witness cannot refuse to answer on the ground that his testimony will tend to disgrace him. (1 Greenl. (Ev. §§ 454,456. Per Marcy, J., in Peopl v. Abbott, 19 Wend. 195. Per Gardiner, J., in Lohman v. The People, 1 Comst. 385. Per Porter, J., in Great Western Turnpike Co. v. Loomis, 32 N. Y. Rep. 137.)
The evidence proposed to be given is material to the issue. (See Saunders’ Pl. and Ev., title Crim. Con.)
The witness must answer the question, or be attached.